NIEMEYER, Circuit Judge,
concurring:
I join in Judge Wilkinson’s fine opinion and judgment on appeal, reserving only my conclusion that the district court did not err in admitting the videotape recording into evidence during the penalty selection phase of the trial.
The videotape was a recording of a voluntary interview given by Runyon after being fully advised of his Miranda rights. There is no evidence that Runyon’s will was overborne or that he provided the statement in response to any trick or misrepresentation. Moreover, the statement was relevant, as Judge Wilkinson has pointed out in more detail, to the aggravating factor that Runyon lacked remorse for his conduct and to the mitigating factor that other equally culpable defendants would not receive the death penalty.
While Runyon contends that his interrogators inappropriately played race and religion during the course of the interrogation, a review of the recording does not reveal any unconstitutional intent, purpose, or effect. The interrogators invoked racially-generalized traits of courage and pride, as well as religious values of repentance and forgiveness, to encourage Runyon to tell the truth about what occurred. These references to race and religion were not inflammatory, unless any reference to race, ethnicity, and religion is considered inflammatory, a view that I do not hold, but were appeals to Runyon’s moral sense, albeit unsuccessful. Surely, if the interro *522 gators had called Runyon a mouse or a wimp or suggested that he was not a whole man until he spoke the truth, he would have made no complaint.
At bottom, I would conclude that the interview was voluntarily given, was relevant, and accurately revealed Runyon’s total lack of remorse and moral responsibility-
To be especially cautious, the district court nonetheless instructed the jury that the tape was offered only “for the limited purposes of demonstration of remorse in regard to the alleged nonstatutory aggravating factor to this effect, and for relevant culpability in regard to the alleged statutory mitigation factor to this effect.” The district judge also admonished the jury that no statement made by the detectives during the interrogation was to be taken as evidence in the case. Finally, the court instructed the jury repeatedly that in considering the death sentence for Runyon, it was not to “consider the race, color, religious beliefs, national origin, or sex of the defendant or the victim in this case. These facts are completely irrelevant to the important issues you must consider at this phase of the proceedings.” Indeed each juror was required to sign a certificate affirming his or her compliance with the instruction.
In these circumstances, I believe that the district court did not err in admitting the videotape into evidence at this phase of the trial. I also concur fully in Judge Wilkinson’s analysis and conclusion that any error in admitting the videotape was harmless beyond a reasonable doubt.
I am pleased to join his well-crafted and thorough analysis of the issues presented in this appeal, and I am pleased to concur.